UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONGSHENG HUANG, | Case No.: C 12-0785 PSG |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| ULTIMO SOFTWARE SOLUTIONS, INC., | |
| Defendant. | |

On June 5, 2012, this court entered an order dismissing the claims brought by Plaintiff Dongsheng Huang ("Plaintiff") against Defendant Ultimo Software Solutions, Inc. ("Defendant") for lack of subject matter jurisdiction.[1] On June 7, 2012, Plaintiff requested leave to file a motion for reconsideration of the court's June 5 order,[2] and on September 18, 2012, Plaintiff withdrew his leave request and indicated he was moving for an amended judgment under Fed. R. Civ. P. 59(e).[3] A final judgment has not been entered, and so the court construes Plaintiff's motion as a motion for reconsideration.[4]

---

[1] *See* Docket No. 28.

[2] *See* Docket Nos. 29, 30.

[3] *See* Docket No. 32.

[4] *See Vasquez v. Select Portofolio Servs., Inc.*, Case No. C 11-06183 HRL, 2012 WL 2838902, at *1 (N.D. Cal. July 10, 2012).

ORDER

For leave to file a motion for reconsideration, Plaintiff must show one of three situations that justify revisiting the court's earlier order: (1) "the district court is presented with newly-discovered evidence"; (2) "there is an intervening change in controlling law"; or (3) "the district court committed clear error or made a decision that was manifestly unjust."[5]  It is the last reason that provides the basis for Plaintiff's motion.

Plaintiff argues that the court erred by mistakenly presuming there was no final order in the agency action, by failing to consider other grounds for subject matter jurisdiction, and by dismissing the case with prejudice. Because the court finds Plaintiff fails to allege any manifest error in the court's subject matter jurisdiction determination, it will not discuss Plaintiff's other arguments.

In the underlying case, Plaintiff sought to enforce a judgment rendered by the Department of Labor ("DOL") against Defendant awarding Plaintiff back pay and other damages.[6]  Plaintiff specifically sought to have this court order Defendant to pay the damages directly to him[7] in contravention to the DOL's policy that damages must be paid to the agency's administrator, who then disburses the funds.[8]

In the June 5 order, the court dismissed Plaintiff's claims for lack of subject matter jurisdiction.[9]  The court noted that Plaintiff relied on the Administrative Procedures Act ("APA"), which subjects an agency decision to review only when the decision is (1) reviewable by statute or

---

[5] *See Johnson v. U.S. Dep't of Treasury*, Case No. C 11-06684 WHA, 2012 WL 5269620, at *1 (N.D. Cal. Oct. 24, 2012).

[6] *See* Docket No. 1.

[7] *See id.*

[8] *See* 20 C.F.R. § 655.810(a) ("'[T]he Administrator shall assess and oversee the payment of back wages or fringe benefits to any H-1B nonimmigrant who has not been paid or provided fringe benefits as required.'").

[9] *See* Docket No. 28.

ORDER

(2) a final agency order has been issued.[10] The court also noted that the APA allows suits only against the agency, and not private actors.[11] Noting that Defendant was a private company not subject to the APA, that no final order was issued by the DOL, and that no statute made the non-final decision reviewable, the court determined it lacked subject matter jurisdiction to hear Plaintiff's claims.[12]

Plaintiff appears to concede that the APA does not provide jurisdiction, and so he points to various other statutes and regulations and argues that they provide the court with federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331.[13] None of the statutes or regulations, however, provides causes of action that would allow the court to exercise jurisdiction. For example, 20 C.F.R. § 655.850 describes the transfer of an administrative record from an administrative agency to a district court if a complaint regarding an agency decision is filed with the district court. Nothing in the regulation states a cause of action. Likewise, none of the other statutes or regulations Plaintiff suggests state claims, let alone causes of action matching his allegations. Plaintiff has failed to show how the court manifestly erred in its determination that it has no subject matter jurisdiction over his claim.

Accordingly, Plaintiff's motion for leave to file a motion for reconsideration is DENIED.

Dated: November 20, 2012

PAUL S. GREWAL
United States Magistrate Judge

---

[10] *See id.*; *see also* 5 U.S.C. § 704.

[11] *See* Docket No. 28; *see also* 5 U.S.C. § 704.

[12] *See* Docket No. 28.

[13] *See* Docket No. 29.

ORDER